UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD W. BIRCH | : | CIVIL ACTION |
| [DX-4671] | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN KERESTES, et al. | : | NO. 08-4778 |

### REPORT AND RECOMMENDATION

M. FAITH ANGELL                                                                                                May 27, 2010
UNITED STATES MAGISTRATE JUDGE

      Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a prisoner challenging his state conviction. Petitioner is currently incarcerated at the State Correctional Institution [SCI] Mahonoy in Frackville, Pennsylvania, where he is serving a 35 to 70 year term of imprisonment for robbery, criminal conspiracy, and violation of the Uniform Firearms Act. For the reasons which follow, it is recommended that Mr. Birch's habeas claims be denied and dismissed for failure to exhaust state remedies.

### I. BACKGROUND[1]

      This matter has an unusual procedural posture. Mr. Birch was tried before a jury, granted a new trial, retried and sentenced in state court. He was convicted of robbery, criminal conspiracy, possession of an instrument of crime, and violation of the Uniform Firearms Act, and he was sentenced to 35 to 70 years of incarceration. *See* Revised Petition for Writ of Habeas Corpus[2] at 4. He appealed to the Pennsylvania Superior Court, raising the following issues: "double jeopardy, due

---

[1] In preparing this Report and Recommendation, I have reviewed the following documents: Mr. Birch's §2254 petition; his revised petition filed using the proper forms; numerous letters to the Court from Petitioner; and the Commonwealth's motion to dismiss, with exhibit.

[2] Hereinafter "Revised Petition".

process, fair trial, ineffective assistance, and disproportionate sentence". *Id.* at 5. The Superior Court denied his claims on May 16, 2001. *Id.*

While Mr. Birch's petition for re-argument was pending in the Superior Court, both Petitioner and his attorney indicated to the Court that they had irreconcilable differences. Counsel asked the Court to appoint new counsel and to set a new deadline for the filing of an *allocatur* petition, both of which the court did. *See* the Commonwealth's Motion to Dismiss[3] at 1. Just before the new deadline, Mr. Birch's newly appointed attorney sent Petitioner a letter in which she stated her refusal to file a petition for allowance of appeal because it was legally unwarranted. *Id.*

Mr. Birch promptly filed a petition pursuant to Pennsylvania's Post Conviction Relief Act [PCRA], 42 Pa.C.S.A. §9541, *et seq.* He raised a number of claims, including that the letter from counsel had come too late for him to file a petition for allowance of appeal, *nunc pro tunc*. Pennsylvania's Superior Court affirmed as to Petitioner's other claims, but remanded to ascertain whether or not Mr. Birch's claim about the letter was correct. Upon remand, the PCRA court reinstated Petitioner's right to file a direct appeal *allocatur* petition, *nunc pro tunc*, as well as his right to file a PCRA appeal *allocatur* petition, *nunc pro tunc*. On August 15, 2007, the Supreme Court of Pennsylvania declined review of the PCRA case, and, on October 2, 2007, it declined review of his *allocatur*, *nunc pro tunc* in the reinstated direct appeal. *Id.* at 1-2.

On October 1, 2008, Mr. Birch signed and dated the instant habeas petition, and it was filed in this Court on October 3, 2008.[4] Petitioner raises the following claims:

---

[3]Hereinafter "Motion to Dismiss".

[4]For the purposes of the Report and Recommendation, under the prison mailbox rule, I will accept the earlier date, October 1, 2008, as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

>    A. Ground one: Double jeopardy, fair trial, equal protection, due process.
>
>    B. Ground two: Self incrimination, right to counsel, equal protection, due process, right to remain silent.
>
>    C. Ground three: Biased trial judge, structural violation, abuse of judicial discretion, fair trial, equal protection, due process.
>
>    D. Ground four: Ineffective assistance of counsel, fair trial, due process, equal protection.
>
>    E. Ground five: False evidence, perjured testimony, fair trial, equal protection, due process, fabricated police report.
>
>    F. Ground six: Due process, fair trial, equal protection, abuse of judicial discretion.
>
>    G. Ground seven: Due process, equal protection, disproportionate sentence.
>
>    H. Ground eight: Ineffective assistance of counsel, fair trial, due process, equal protection.

Revised Petition at 9-10A.

Simultaneously, Mr. Birch filed a second *pro se* PCRA petition, in which he stated three claims that are included in the within habeas petition. On October 3, 2008, Petitioner filed a motion to stay the federal proceedings based upon the pendency of his state PCRA action, and, on October 25, 2008, the Honorable Lawrence F. Stengel granted the stay. *See* Docket Entries Nos. 2 and 3. The stay was lifted in 2010.

In the meantime, on August 19, 2009, the PCRA court dismissed Mr. Birch's PCRA petition as untimely, and Petitioner sought reconsideration, which was denied. Mr. Birch appealed this decision, and his appeal is currently pending in the Superior Court of Pennsylvania. *See* Motion to Dismiss, Appeal Docket Sheet, Docket Number 2731 EDA 2009 at 9-11. An entry on the Appeal

Docket in Pennsylvania's Superior Court, entered on May 4, 2010, reads:

> Upon consideration of the [Petitioner's] "pro se: Petition to Proceed In Forma Pauperis for Purposes of Appeal & for Appointment of Counsel on Appeal," and it appearing that the PCRA court mistakenly dismissed the underlying PCRA petition as untimely filed, the PCRA court is directed to appoint counsel for the [Petitioner] in connection with this appeal within 10 days. Since counsel shall be appointed, the [Petitioner's] "pro se Petition to Stay Briefing Schedule and Remand Record, etc." and "pro se Amended Petition to Stay Briefing Schedule and Remand Record, etc." are DENIED as moot. The [Petitioner's] briefing schedule is vacated pending the appointment of counsel.

*Id.* at 11. Subsequently, on May 20, 2010, the Court appointed Salvatore C. Adamo, Esquire to represent Mr. Birch in his further pursuit of state court review and relief. *See* Appeal Docket Sheet, Docket Number 2731 EDA 2009 (May 27, 2010). The Commonwealth requests that this matter be dismissed without prejudice under *Rose v. Lundy*. *See* Motion to Dismiss at 2.

## II. DISCUSSION

### A. Exhaustion

The exhaustion rule, codified in 28 U.S.C. §2254,[5] generally requires a federal court to

---

[5]The exhaustion requirements of 28 U.S.C. §2254 provide:

> (b)(1) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
>  (A) the applicant has exhausted the remedies available in the courts of the State: or
>  (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>  (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

postpone habeas corpus jurisdiction until "the applicant has exhausted the remedies available in the courts of the State". The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of state judicial proceedings. *See Rose v. Lundy,* 102 S.Ct. 1198, 1203 (1982); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

In order to demonstrate compliance with the exhaustion requirement, a habeas petition must show that each claim which forms the basis of his federal habeas petition has been "fairly presented" to the state courts. *Castille*, 489 U.S. at 351 (1989) and *Picard v. Connor*, 404 U.S. 270, 175 (1971). Absent exceptional circumstances, the petitioner must first present all of his constitutional claims in the state system, through the highest state tribunal, before seeking relief in federal court. *See Picard*, 404 U.S. at 275 (1971) and *Swanger v. Zimmerman*, 750 F.2d 291 (3d Cir. 1984). The burden is on the habeas petitioner to establish that he has fairly presented his federal constitutional claims (both facts and legal theory) to all levels of the state judicial system. *See Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002) (*quoting Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992), *cert. petition dismissed,* 506 U.S. 1089 (1993), "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts . . . and the same method of legal analysis must be available in the state court as will be employed in the federal court.").

A federal district court may not adjudicate a mixed petition for habeas corpus, that is, a habeas petition containing both exhausted and unexhausted claims. The United States Supreme Court has imposed a "total exhaustion" requirement, directing the federal courts to effectuate this

---

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the questions presented.

5

requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to the state courts in the first instance. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005).

In limited circumstances a federal court may stay the habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the habeas petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court. *Id.* at 275-76/ The "stay and abeyance" procedure is

> only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. [citation omitted]. Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. [. . .] Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. *See, e.g. Zarvela*, 254 F.3d at 381 ("[D]istrict courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to feeral court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.

*Id.* at 277-78.

Where a petitioner presents a mixed habeas petition, and the district court determines that stay and abeyance is inappropriate, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *See id. [Lundy]*, at 520, 102 S.Ct.

6

1198 (plurality opinion) ('[A petitioner] can always amend the petition to delete the unexhausted claims, rather than return to state court to exhaust all of his claims.')." *Id.* at 278.

Mr. Birch's PCRA petition has been ruled properly filed, and his claims (which are included in the federal habeas petition) are still pending in the Superior Court of Pennsylvania. *See* Motion to Dismiss at 4. As Mr. Birch's state court remedies are not yet exhausted, his habeas petition is not properly before this Court. Additionally, because Petitioner is still in the process of exhausting his state court remedies, this matter does not fall within the "limited circumstances" where stay and abeyance are appropriate. As a result, I recommend that the instant habeas petition be dismissed without prejudice for failure to exhaust.

### III. RECOMMENDATION

Consistent with the above discussion, it is recommended that Petitioner's habeas application, pursuant to 28 U.S.C. §2254, be **DISMISSED WITHOUT PREJUDICE**, for failure to exhaust state court remedies. It is further recommended that a finding be made that there is no probable cause to issue a certificate of appealability.

Petitioner is advised that he may file objections to the Report and Recommendation. *See* Local Civil Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights in this habeas action.

BY THE COURT:

S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
Robert N.C. Nix, Sr. Federal Building, Suite 211
900 Market Street
PHILADELPHIA, PENNSYLVANIA 19107-4228

**Chambers of**
M. FAITH ANGELL                                P: (215) 597-6079
United States Magistrate Judge                 F: (215) 580-2165

*FAX / MAIL COVER SHEET*

CASE NO.   08-4778                    **DISTRICT COURT JUDGE:** LS
                                                               267-299-5068

**TODAY'S DATE**: May 27, 2010        **LAW CLERK'S INITIALS**: LFS

**VIA FAX:**

JOHN W. GOLDSBOROUGH, ESQ.            215-686-5725


*VIA U.S. MAIL:*

GERALD W. BIRCH
DX-4671
S.C.I. - MAHANOY
301 MOREA ROAD
FRACKVILLE, PA 17932
PRO SE